UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |
|---|---|
| ERIC JOSEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 3:25-cv-00829-MMH-LLL |
| TRANSPORTATION SECURITY ADMINISTRATION; et. al., | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TSA'S MOTION TO DISMISS**

**I. STATEMENT OF CASE**

This case concerns whether the Transportation Security Administration ("TSA") may impose a punitive, year-long suspension of a citizen's TSA PreCheck enrollment—a paid, time-limited, government-conferred benefit—without a pre-deprivation notice, without a pre-hearing, and without any meaningful opportunity to be heard, and then avoid judicial review by invoking a jurisdiction-channeling statute never clearly intended to foreclose constitutional claims.

Plaintiff does <u>not</u> ask this Court to second-guess TSA's security mission or substitute its judgment for that of aviation authorities. He is challenging the absence of constitutionally required pre-deprivation procedures. TSA suspended

1

Plaintiff's TSA PreCheck enrollment through informal email correspondence, without findings, without a record, without pre-deprivation notice, and without any post-deprivation adjudicatory process. That suspension of TSA PreCheck enrollment remains in effect and ongoing. TSA's Motion to Dismiss rests almost entirely on 49 U.S.C. § 46110, asserting that jurisdiction lies "exclusively to the U.S. Courts of Appeal," and that this Court therefore lacks authority to hear Plaintiff's claims. Their position is legally incorrect and constitutionally untenable. At the outset, § 46110 does not contain the clear explicit statement required to foreclose district court jurisdiction over constitutional claims—*Webster v. Doe*, 486 U.S. 592, 603 (1988).

Secondly, appellate record review under § 46110 is not an adequate alternative remedy for claims alleging the complete absence of due process. *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).

Third, even if § 46110 were implicated, dismissal would be improper, and transfer under 28 U.S.C. § 1631 would be mandatory. At the pleading stage, Plaintiff needs only to plausibly allege jurisdiction and a viable claim. Here, he has done so, and TSA's motion should be denied.

## II. FACTUAL BACKGROUND

On May 30, 2025, Plaintiff, a retired New York City Police SWAT Operator and instructor, and a former Florida Sheriff's Deputy, is trained, certified, and

2

authorized to carry a concealed firearm nationwide under H.R. 218, traveled through Jacksonville International Airport with his lawfully owned firearm secured in his hardened checked luggage. TSA discovered the firearm, albeit loaded, during their [checked-in] luggage screening in a secured area located in the airport's secured basement area isolated from other traveling passengers. Plaintiff was not arrested, charged, or accused of any criminal conduct.

On July 2, 2025, TSA notified Plaintiff by mail that his TSA PreCheck eligibility was suspended for one year, effective <u>immediately</u> and retroactively from the date of the incident even though it is a first-time offense. The letter stated that the suspension was separate from any civil or criminal proceedings. See attached TSA Option Notice.

Separately, in addition to their suspension of TSA PreCheck eligibility, TSA initiated a civil enforcement action for a $1,700 fine. Plaintiff timely elected an informal conference which remains pending. Although the notice provides for a "Formal Hearing (Option 5)" mechanism to contest their civil penalty determination, their suspension of PreCheck eligibility took effect immediately <u>before</u> receipt of their decision and options. Plaintiff therefore challenges the excessive arbitrary fine and summary suspension of TSA PreCheck imposed without due process. At no point did TSA provide Plaintiff with pre-deprivation

3

notice of suspension or a meaningful opportunity to be heard. Accordingly, this action seeks to constitutionally challenge TSA's suspension and excessive fine.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1): Subject-Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. When evaluating such a motion, the Court must distinguish between facial and factual attacks on jurisdiction. A facial attack accepts the allegations of the complaint as true and asserts that the pleadings are insufficient to invoke federal jurisdiction. In resolving a facial attack, the Court must take the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

A factual attack challenges the existence of jurisdiction in fact and permits the Court to consider matters outside the pleadings. However, where jurisdictional facts are intertwined with the merits of the plaintiff's claims, dismissal under Rule 12(b)(1) is improper and the Court must treat the motion as one under Rule 12(b)(6) or Rule 56. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

Here, because the Defendant's jurisdictional arguments are intertwined with the merits of Plaintiff's constitutional and Administrative Procedural Act

(APA) claims—particularly whether TSA's actions are reviewable and whether Plaintiff was afforded due process—the Courts must resolve all factual disputes in Plaintiff's favor at the pleading stage.

## B. Rule 12(b)(6): Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the case. To survive dismissal, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Dismissal is appropriate <u>only</u> where the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief.

Even more importantly, weighing evidence, or testing the strength of a plaintiff's proof matters are properly addressed at summary judgment or trial. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## C. Heightened Caution Where Constitutional Claims Are Alleged

Where a complaint alleges violations of constitutional rights, courts apply heightened caution before dismissing at the pleading stage. The Supreme Court

5

has emphasized that statutes should not be construed to foreclose judicial review of constitutional claims absent a clear statement of congressional intent. *Webster v. Doe*, 486 U.S. 592, 603 (1988).

Accordingly, motions to dismiss that would extinguish a plaintiff's only forum for constitutional redress are disfavored, particularly where the plaintiff plausibly alleges the deprivation of liberty or property without due process of law, and at the Rule 12 stage, such claims should proceed unless they are clearly foreclosed as a matter of law.

## D. Pro Se Pleadings Are Liberally Construed

Because Plaintiff is proceeding *pro se*, his pleadings must be construed liberally and held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* litigants must comply with procedural rules, courts are instructed to interpret their filings to raise the strongest arguments they suggest.

Dismissal at the pleading stage is therefore inappropriate where a *pro se* complaint plausibly alleges jurisdiction and states a constitutional or statutory claim for relief.

## E. Dismissal Is Improper Where Transfer Is Available

Finally, even where jurisdiction is questioned, dismissal is not appropriate if transfer would preserve the plaintiff's claims. Under 28 U.S.C. § 1631, when a

6

court finds a lack of jurisdiction, it must transfer the action to a court where it could have been brought if doing so is in the interest of justice. This provision is particularly important where dismissal would foreclose review of constitutional claims. At this stage, Plaintiff needs only to plausibly allege jurisdiction and a viable claim as done so here. Defendant's Motion to Dismiss improperly seeks merits determinations, factual findings, and constitutional foreclosure at the pleading stage. Under settled Rule 12 standards, the Motion should be denied.

## ARGUMENT

### IV. JURISDICTION IS PROPER IN THIS COURT

#### A. Section 46110 Does Not Bar District Court Review of Constitutional Claims

Defendant TSA's primary jurisdictional argument—that 49 U.S.C. § 46110 strips this Court of jurisdiction—is legally incorrect and, if accepted, would produce a constitutionally impermissible result. Section 46110 is a channeling statute, not a blanket jurisdiction-stripping provision. It provides a mechanism for appellate review of certain <u>final</u> TSA "orders," but it does not contain an explicit and convincing statement required to foreclose district court jurisdiction over constitutional claims. The Supreme Court has repeatedly held that statutes will <u>not</u> be construed to deny a judicial forum for colorable constitutional claims absent an unmistakably clear statement from Congress. *Webster v. Doe*, 486 U.S.

592, 603 (1988); *Bowen v. Michigan Acad. of Family Physicians*, 476 U.S. 667, 681 n.12 (1986).

Nothing in § 46110 mentions constitutional claims, procedural due process, or the Fifth Amendment. Nor does the statute state—explicitly or implicitly—that district courts lack jurisdiction to hear [constitutional challenges] to TSA enforcement actions. Absent such a statement, this Court retains jurisdiction over this constitutional cause. Construing § 46110 to bar jurisdiction here would leave Plaintiff with no judicial forum to adjudicate his Fifth Amendment due process claim.

Here, the TSA PreCheck suspension was imposed via informal mailed correspondence, without pre-deprivation notice, appellate review rights, without a record, and without a pre-deprivation due process hearing. Treating such informal correspondence as a jurisdiction-stripping "order" would raise serious constitutional concerns and violate the Supreme Court's admonition that Courts must avoid statutory constructions that foreclose all judicial review of constitutional violations. *Webster*, 486 U.S. at 603.

Critically, Plaintiff does not merely challenge the substance of TSA's decision; he is challenging the absence of constitutionally required procedures, before and after extreme arbitrary penalties. Even where Congress channels substantive review of agency decisions to the courts of appeals, procedural due

8

process claims remain independently reviewable unless Congress explicitly states otherwise. No such explicit statement exists here.

## B. The TSA PreCheck Suspension Is Not a Formal "Order" Within the Core Meaning of § 46110

Even if § 46110 could, in some circumstances, apply to TSA PreCheck determinations, it does <u>not</u> apply to the facts alleged here. Section 46110 applies to "orders" issued by TSA pursuant to its statutory authority. Courts interpreting § 46110 have emphasized that an "order" <u>must</u> reflect a definitive agency position, typically issued through a formal process, accompanied by findings or a record, and carrying legal consequences subject to judicial review.

Here, Plaintiff's PreCheck suspension, for a first-time alleged offense, was imposed before an informal letter, without a hearing, findings, record, or notice of appeal rights. The letter did not identify itself as an "order," did not reference § 46110, and did not advise Plaintiff of any 60-day deadline to petition a court of appeals regarding their immediate arbitrary suspension. Treating such informal communications as jurisdiction-stripping "orders" would vastly expand § 46110 beyond its intended scope and effectively insulate informal agency action from all judicial scrutiny.

Courts are reluctant to interpret jurisdiction-channeling statutes in a manner that allows agencies to evade judicial review simply by acting informally. Such a construction would create perverse incentives and undermine basic due process

9

norms. No notice of appellate rights alone is tantamount due process defect. Even *assuming arguendo* that the PreCheck suspension constituted an "order," TSA provided Plaintiff no notice that the decision was subject to exclusive appellate review, no notice of any 60-day filing deadline, and no notice of the forum in which review must be sought. Courts have repeatedly recognized that an agency action cannot trigger jurisdiction-channeling consequences where the affected party is never informed of review rights of an action preemptively taken. Denying district court jurisdiction under such circumstances would compound the due-process violation and reward agency silence.

### C. Section 46110 Does Not Provide an Adequate Alternative Remedy

Even where Congress establishes a specialized review scheme, Administrative Procedure Act (APA), U.S. federal law (5 U.S.C. §§ 551-559), and constitutional claims are foreclosed <u>only</u> if the alternative remedy is adequate. *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Section 46110 is <u>not</u> an adequate alternative remedy for Plaintiff's claims. A Court of Appeal reviewing an "administrative order:"

- cannot award damages or equitable restitution.
- cannot develop a factual record concerning procedural due process violations.
- cannot adjudicate claims arising from the absence of any administrative record; and,
- cannot meaningfully address the constitutional adequacy of procedures that were never provided.

10

Plaintiff's core claim is procedural, and TSA deprived him of protected liberty and property interests without notice or hearing. Appellate record review—particularly where no record exists—is fundamentally ill-suited to resolve such claims. The Supreme Court has made clear that where the alternative forum cannot provide meaningful relief for the injury alleged, as here, the district court jurisdiction remains proper. *Bowen*, 487 U.S. at 903.

The Supreme Court has consistently required a clear statement before concluding Congress intended to preclude all judicial review of constitutional violations. *Webster v. Doe*, 486 U.S. at 603. Nothing in § 46110 addresses constitutional claims or purports to eliminate district court jurisdiction over them and even where Congress provides a specialized review scheme, APA review is foreclosed only if the alternative remedy is adequate. *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).

### D. Transfer, Not Dismissal, Is the Proper Alternative

If § 46110 should apply, transfer—not dismissal—is mandatory where dismissal would foreclose review. 28 U.S.C. § 1631. If this Court concludes that § 46110 applies, the appropriate remedy is transfer under 28 U.S.C. § 1631, <u>not</u> dismissal. Transfer preserves Plaintiff's claims and avoids depriving him of judicial review due to a reasonable forum selection by a *pro se* litigant. Even if this Court were to conclude that § 46110 applies, dismissal would be improper. Where

11

a court lacks jurisdiction and dismissal would foreclose judicial review, transfer is mandatory under 28 U.S.C. § 1631 if it is in the interest of justice.

*Pro se* litigants who reasonably filed in district court to vindicate constitutional rights. Dismissal would extinguish his claims based on a technical jurisdictional interpretation, while transfer would preserve them. The statute exists precisely to prevent such outcomes. Ripeness and finality favor the plaintiff. TSA's suspension decision is final as to Plaintiff's TSA PreCheck status and is currently operative. Plaintiff does not challenge a contingent or speculative injury; he is challenging an ongoing deprivation. At the same time, the absence of any administrative review mechanism for the PreCheck suspension renders the claim ripe for judicial review. The Court therefore needs not—and should not—delay adjudication on ripeness or finality grounds. Accordingly, if jurisdiction is questioned, the proper remedy is transfer—not dismissal.

## V. CONSTITUTIONAL-AVOIDANCE CANON COMPELS JURISDICTION

Even if the Court harbors doubt as to the scope of § 46110, the constitutional-avoidance canon resolves that doubt decisively in Plaintiff's favor. Under settled Supreme Court precedent, courts must construe statutes to avoid serious constitutional questions where a plausible alternative interpretation exists. *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S.

568, 575 (1988). This principle applies with special force where a statute is invoked to foreclose judicial review of constitutional claims.

Construing § 46110 to bar district court jurisdiction here would raise grave constitutional concerns by denying Plaintiff any forum to vindicate procedural due process violations. The TSA PreCheck suspension was imposed informally, without notice of appellate review rights, without a record, and without a pre-hearing. If the District Court's jurisdiction were denied and appellate review deemed unavailable or inadequate, Plaintiff's Fifth Amendment claim would be extinguished entirely.

The Supreme Court has squarely rejected such outcomes. *Webster v. Doe*, 486 U.S. at 603 ("We require a heightened showing before interpreting a statute to preclude judicial review of constitutional claims.") Where Congress has not spoken with unmistakable clarity, courts must preserve a forum for constitutional adjudication. Section 46110 contains no express reference to constitutional claims, no jurisdiction-stripping language directed at district courts, and no indication that Congress intended TSA to impose punitive administrative sanctions insulated from due process review. The statute is therefore susceptible to a construction that preserves district court jurisdiction—and under the constitutional-avoidance canon, that construction is <u>mandatory</u>. Accordingly, § 46110 cannot be applied to dismiss Plaintiff's constitutional claims at the pleading stage.

13

## VI. PLAINTIFF STATES A PLAUSIBLE FIFTH AMENDMENT DUE PROCESS CLAIM SURVIVES RULE 12

The constitutional violation alleged here was complete at the moment TSA imposed a year-long suspension without notice or hearing. Subsequent opportunities to contest a separate civil fine cannot retroactively cure the deprivation of due process associated with the PreCheck suspension itself. Courts have consistently held that *post-hoc* remedies do not excuse the absence of constitutionally required procedures where a significant deprivation has already occurred. TSA's contention that Plaintiff lacks any protected interest fails as a matter of law. The Fifth Amendment protects liberty interests in travel, *Kent v. Dulles*, 357 U.S. 116, 125 (1958), and property interests in government-conferred benefits once granted, *Bell v. Burson*, 402 U.S. 535, 539 (1971). TSA PreCheck is <u>not</u> a fleeting gratuity; it is a paid, time-limited enrollment, granted after vetting, that materially alters a traveler's legal status and screening treatment.

While TSA retains discretion to administer the program, discretion does not eliminate due process. Once a benefit is conferred and relied upon, it may not be withdrawn arbitrarily or punitively without constitutionally adequate procedures. These allegations easily state a plausible due process claim. At a minimum, whether TSA's procedures satisfy constitutional requirements cannot be resolved on a motion to dismiss.

### A. TSA's Action Implicates Protected Liberty and Property Interests

The Fifth Amendment protects liberty interests in travel. *Kent v. Dulles*, 357 U.S. 116, 125 (1958). While the TSA PreCheck suspension does not impose a total travel ban, it constitutes a formal, punitive alteration of Plaintiff's travel status based on alleged, unproven misconduct. Such action materially burdens the manner of travel and carries reputational and practical consequences.

Courts recognize that liberty interests are not limited to absolute prohibitions; significant government-imposed burdens on the exercise of liberty also trigger due process protections. TSA's suspension labels Plaintiff as higher-risk and subjects him to heightened screening for a full year—a substantial governmental imposition. Plaintiff also plausibly asserts a property interest. TSA PreCheck is a paid, time-limited enrollment granted after background vetting. Once conferred, it is <u>not</u> a revocable gratuity. Government-issued benefits, once granted, may not be withdrawn arbitrarily. *Bell v. Burson*, 402 U.S. 535, 539 (1971).

That TSA retains discretion to grant or revoke PreCheck does not eliminate due process protections. Discretion does <u>not</u> mean unreviewable power. Where the government establishes criteria and confers a benefit for a defined period, recipients possess a legitimate claim of entitlement protected by the Fifth Amendment.

**B. TSA Failed to Provide Constitutionally Adequate Process**

Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts balance and test:

15

1. the private interest affected.
2. the risk of erroneous deprivation and the value of additional safeguards; and,
3. the government's interest and administrative burden.

Each factor favors Plaintiff and his private interest. Plaintiff suffered a one-year deprivation of expedited screening, with ongoing travel burdens and unwarranted stigma. This is <u>not</u> trivial or fleeting. The risk of erroneous deprivation is extreme. TSA imposed the suspension without a hearing to contest facts, present mitigation, or correct errors, and no individualized consideration occurred.

The burden of providing minimal process—notice and a hearing to be heard—is *de minimis*. TSA already conducts informal conferences for civil penalties. Providing a comparable process for PreCheck suspensions would <u>not</u> compromise security. Such a process falls below the constitutional minimum.

### VII. PLAINTIFF STATES A VIABLE APA CLAIM SURVIVES RULE 12

The Administrative Procedure Act's "committed to agency discretion" exception is narrow and applies only where there is no law to apply. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). TSA's own policies governing TSA PreCheck disqualification articulate standards based on severity and repeated conduct. Where an agency articulates standards, judicial review is available. Recent authority confirms that trusted traveler program removals are reviewable under

the APA. *Jajati v. U.S. CBP*, 102 F.4th 1011 (9th Cir. 2024). TSA's attempt to insulate its actions from review by labeling them "discretionary," is unpersuasive.

Plaintiff plausibly alleges that TSA acted arbitrarily and capriciously by imposing a maximum, year-long sanction without explanation, without individualized consideration, and without any adjudicative process. This is sufficient at the pleading stage.

### A. TSA's Action Is Not Committed to Unreviewable Discretion

The APA's "committed to agency discretion" exception is narrow. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). TSA's own policies articulate standards governing PreCheck disqualification, including severity and repeat violations. Where standards exist, there is "law to apply." Courts have recognized the reviewability of trusted traveler program removals. *Jajati v. U.S. CBP*, 102 F.4th 1011 (9th Cir. 2024). The APA's "committed to agency discretion" exception is narrow and applies only where there is no law to apply. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

Here, TSA's own policies articulate standards governing PreCheck disqualification, including severity of violations and repeat history. Where an agency articulates standards, courts have the law to apply. Recent authority confirms reviewability of trusted traveler program removals. *Jajati v. U.S. CBP*,

17

102 F.4th 1011 (9th Cir. 2024). TSA's attempt to shield its actions from review by invoking discretion fails as a matter of law.

## B. The PreCheck Suspension Was Arbitrary and Capricious

Plaintiff's suspension was imposed via informal email, without a hearing, findings, or notice of review rights. Treating such informal communications as jurisdiction-stripping "orders" would dramatically expand § 46110 beyond its intended scope and raise due process concerns. Plaintiff plausibly alleges that TSA, prior to imposing sanctions:

- failed to consider mitigating factors,
- imposed a maximum sanction without explanation,
- misapplied its own criteria,
- provided no reasoned decision-making.

That suffices at the pleading stage. An appellate petition cannot remedy the absence of due process, develop a factual record, or provide equitable relief. Where no adequate alternative exists, district court jurisdiction remains proper. *Bowen*, 487 U.S. at 903. Agency action taken without reasoned explanation, without consideration of relevant factors, or without the required procedure is arbitrary and capricious under the APA. At the pleading stage, Plaintiff has more than satisfied this standard.

TSA's invocation of security discretion does not alter the Rule 12 posture of this case. Deference doctrines apply, if at all, at later stages of litigation after a

factual record has been developed. At the pleading stage, Plaintiff is entitled to have his allegations accepted as true, and the Court may not resolve factual disputes or weigh security justifications against constitutional requirements.

## VIII. CONCLUSION

For the foregoing reasons, TSA's Motion to Dismiss should be DENIED in its entirety. In the alternative, any claims deemed subject to § 46110 should be transferred pursuant to 28 U.S.C. § 1631. TSA's Motion to Dismiss seeks not merely dismissal of Plaintiff's claims, but immunity from constitutional accountability. Neither § 46110 nor the APA permits that result. Plaintiff has plausibly alleged that TSA deprived him of protected liberty and property interests without notice, without a hearing, and without meaningful review, in violation of the Fifth Amendment and the Administrative Procedure Act. In the alternative, if this Court determines that § 46110 applies, the proper remedy is transfer pursuant to 28 U.S.C. § 1631, not dismissal.

Dated: December 30, 2025.

Respectfully submitted,

/s/ Eric Josey

ERIC JOSEY, *Plaintiff*
250 Palm Coast Pkwy NE
Suite 607, PMB 173
Palm Coast, Florida 32137

19

Phone: (917) 882-1330
Email: Premier.Consulting173@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2025, I mailed a true and correct copy of the foregoing document with the Clerk of the Court for CM/ECF system filing and emailed copy to Richard L. Lasseter as referenced below to counsel for defendant(s):

Richard L. Lasseter
Assistant United States Attorney
Florida Bar No. 0060365 300
North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Telephone No. (904) 301-6258
Facsimile No. (904) 301-6240
Email: richard.lasseter@usdoj.gov
Attorneys for Defendants

X /s/Eric Josey
_____
Eric Josey,
Plaintiff