UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC JOSEY,

Plaintiff,

v. Case No.: 3:25-cv-829-JEP-SJH

TRANSPORTATION SECURITY ADMINISTRATION, DAVID PEKOSKE and ALEJANDRO MAYORKAS,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before this Court on Defendants' Motion to Dismiss (Doc. 20), Plaintiff's Memorandum in Opposition (Doc. 21), and Defendants' "Reply in Support" (Doc. 26). For the following reasons, the motion will be granted in part as set forth in this Order and denied in all other respects.

**I.**

As alleged, on May 30, 2025, Plaintiff, a former police officer who frequently travels by air, underwent airport screening by Defendant Transportation Security Administration ("**TSA**") in Jacksonville, Florida. (Doc. 11, ¶¶ 5–6, 8). At that time, TSA located Plaintiff's firearm inside his locked, hard-shell luggage. (*Id.* ¶ 9). As a result, on June 13, 2025, TSA issued Plaintiff a Notice of Violation for traveling with a "loaded, undeclared, improperly

packaged firearm" in violation of 49 C.F.R. § 1540.111(c).[1] (Doc. 11-1 at 1) (cleaned up). In the Notice, Plaintiff was assessed a civil penalty and informed, among other things, that "[i]ndividuals will be disqualified from receiving TSA PreCheck screening if they commit certain violations of TSA security regulations." (*Id.* at 1, 3). The Notice of Violation explained that the disqualification's duration "is related to the seriousness of the violation and/or repeated history of regulatory violations," and it provided Plaintiff with a phone number and e-mail address to contact for further questions. (*Id.* at 3).

In response, Plaintiff sent TSA letters requesting an informal conference with a TSA official as to the civil penalty, a mitigated penalty, and interim relief during the decisional process. (Doc. 11-1 at 2, 5–7, 11–12). On July 2, 2025, Plaintiff received an e-mail informing him that he was "ineligible for TSA PreCheck[ ] consideration for a period of one year from the date of the violation." (*Id.* at 13).

---

[1] Section 1540.111(c) provides that "[a] passenger may not transport or offer for transport in checked baggage . . .:"

> (1) Any loaded firearm(s).
> (2) Any unloaded firearm(s) unless—
> (i) The passenger declares to the aircraft operator, either orally or in writing, before checking the baggage, that the passenger has a firearm in his or her bag and that it is unloaded;
> (ii) The firearm is unloaded;
> (iii) The firearm is carried in a hard-sided container; and
> (iv) The container in which it is carried is locked, and only the passenger retains the key or combination.

49 C.F.R. § 1540.111(c).

Plaintiff brings this action against TSA, David Pekoske, and Alejandro Mayorkas asserting violations of the Due Process Clause of the Fifth Amendment to the United States Constitution (Count I) and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. ("**APA**") (Count II). (Doc. 11, ¶¶ 34–63). According to Plaintiff, TSA suspended his PreCheck status without providing him a hearing or an opportunity to respond to the allegations. (*Id.* ¶ 1). He seeks declaratory judgment, injunctive relief, and "court fees, costs, and other litigation expenses incurred in bringing this action." (*Id.* at 25–26).

**II.**

Defendants move to dismiss this action on two bases, the first being that this Court lacks subject-matter jurisdiction pursuant to 49 U.S.C. § 46110. There are two types of motions under Federal Rule of Civil Procedure 12(b)(1): "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) (quotation omitted). Facial attacks are those that "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1261 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual attacks, on the other hand, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted). The parties do not dispute that Defendants raise a factual attack. (*See* Doc. 20 at 8; Doc. 21 at 4).

Still, several standards are at play with a Rule 12(b)(1) factual attack, depending on whether the jurisdictional attack is "intertwined" with the merits. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014). Intertwinement occurs when the jurisdictional analysis overlaps "with an element of the underlying cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) (citation and emphasis omitted); *see also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021) (comparing elements of plaintiff's claims with the jurisdictional challenge). When confronted with an intertwined challenge to jurisdiction, courts employ a Rule 12(b)(6) or Rule 56 analysis. *Willett*, 24 F. Supp. 3d at 1173 (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)); *see also Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020). When a jurisdictional challenge is not intertwined, however, a traditional Rule 12(b)(1) analysis is appropriate. *Morrison*, 323 F.3d at 924–25. In such circumstances, "the district court is free to independently weigh facts[.]" *Id.* at 925. "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

Because whether this Court lacks subject-matter jurisdiction under section 46110 does not overlap with any element of Plaintiff's Fifth Amendment or APA claims, this Court uses a Rule 12(b)(1) analysis.

## III.

Defendants argue that this Court lacks jurisdiction because Plaintiff must bring his challenge directly in the court of appeals, rather than in a district court. To the extent a portion of Plaintiff's claims is not moot by the presumable expiration of the one-year suspension,[2] this Court agrees that it lacks jurisdiction over this action. Pursuant to 49 U.S.C. § 46110,

> a person disclosing a substantial interest in an order issued by the Secretary of Transportation [or the Administrators of the TSA or Federal Aviation Administration ("**FAA**")] . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a). The statute further provides that "the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order[.]" *Id.* § 46110(c).

At issue in this Court's analysis is, first, whether section 46110 confers exclusive jurisdiction over this matter to the court of appeals, and, second,

[2] The one-year suspension started on May 30, 2025, and presumably expired on May 29, 2026. (*See* Doc. 11-1 at 13).

whether the TSA Notice constitutes an "order" within the meaning of section 46110.

Eleventh Circuit precedent squarely controls the first issue. *See Green v. Brantley*, 981 F.2d 514, 519 (11th Cir. 1993) ("[I]f [an agency] action is an 'order' within the meaning of Section 1486,[3] a court of appeals would have exclusive jurisdiction to review that order." (footnote added)); *see also Avera v. Airline Pilots Ass'n Int'l*, 436 F. App'x 969, 973 (11th Cir. 2011) ("[O]nly the court of appeals has exclusive jurisdiction to review a final order of the FAA [pursuant to 49 U.S.C. § 46110]."").[4]

Plaintiff contends that because he asserts a constitutional challenge, the answer to the jurisdictional question should be different. Neither section 46110 nor the Eleventh Circuit makes such a distinction. Rather, "under § 46110's broad grant of jurisdiction, the courts of appeals have jurisdiction over constitutional challenges." *Corbett v. United States*, 458 F. App'x 866, 871 (11th Cir. 2012) (citing 49 U.S.C. § 46110(a)); *see also Bradshaw v. FAA*, 8 F.4th 1215, 1218 (11th Cir. 2021) (addressing challenges under the Fifth and

---

[3] "*Green* addressed 49 U.S.C. § 1486(a), an earlier codification of 49 U.S.C. § 46110(a)." *Clayton County v. FAA*, 887 F.3d 1262, 1266 n.2 (11th Cir. 2018) (citing Act of July 5, 1994, Pub. L. No. 103–272, 108 Stat. 745).

[4] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fourteenth Amendments pursuant to section 46110); *Green*, 981 F.2d at 518 (addressing challenges under the APA and Fifth Amendment). Plaintiff inexplicably argues that reading section 46110 in Defendants' favor would "foreclose all judicial review of constitutional violations." (Doc. 21 at 8). In reality, Plaintiff may obtain judicial review; he simply must file in the correct court. *See* 42 U.S.C. § 46110(a).[5]

What is left for this Court to decide is whether the TSA Notice constitutes an "order" within the meaning of section 46110. "The Eleventh Circuit has a . . . broad view of what constitutes an 'order' under § 46110." *Assi v. U.S. Dep't of Homeland Sec.*, No. 23-cv-23596, 2025 WL 1880338, at *5 (S.D. Fla. July 8, 2025) (citations omitted); *see also Avera*, 436 F. App'x at 973 ("The term 'order' in the statute 'has been given expansive instruction.'" (quoting *Green*, 981 F.2d at 519)). The dispositive question is whether the Notice and e-mail "impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." *Green*, 981 F.2d at 519 (quoting *Aeromar, C. Por. A. v. Dep't of Transp.*, 767 F.2d 1491, 1493 (11th Cir. 1985)).

In this case, TSA's Notice of Violation and e-mail satisfy this test. The

[5] Plaintiff argues that section 46110 does not provide an adequate remedy for a number of reasons, including because the court of appeals cannot award damages or equitable remedies, develop a factual record, or meaningfully address constitutional challenges. (Doc. 21 at 10). But the court of appeals "may remand a proceeding to an agency to hold a hearing where one is required by law, transfer certain cases to a district court, or order an agency to take additional evidence and counterevidence." *Corbett*, 458 F. App'x at 871 (citing 28 U.S.C. § 2347(b)(1)(3), (c)).

Notice states that Plaintiff "violate[d] Title 49 § 1540.111(c)" and gave Plaintiff notice that he may be disqualified from TSA PreCheck. (Doc. 11-1 at 1, 3). The subsequent e-mail provided a "definitive statement" that he was ineligible for TSA PreCheck for one year, affixing a legal relationship.[6] *Green*, 981 F.2d at 519 (quoting *City of Alexandria v. Helms*, 728 F.2d 643, 646 (4th Cir. 1984)); (*see* Doc. 11-1 at 13). That a letter or e-mail encapsulates the definitive statement does not render the order any less final. *See Green*, 981 F.2d at 519 (explaining that an FAA letter withdrawing the plaintiff's Pilot Examiner Certificate of Authority "clearly denies a right or fixes some legal relationship"); *Deering v. FAA*, No. 8:10-cv-1524-T, 2011 WL 13302358, at *4 (M.D. Fla. June 9, 2011) (explaining that the FAA's letter declining to consider the plaintiff as an air controller "clearly denied a right or fixed some legal relationship"); *see also Olivares v. Transp. Sec. Admin.*, 819 F.3d 454, 460, 462 (D.C. Cir. 2016) (assuming jurisdiction over a petition pursuant to section 46110 where TSA sent an e-mail denying the petitioner's flight school application); *Aerosource, Inc. v. Slater*, 142 F.3d 572, 578 (3d Cir. 1998) ("[U]nder section 46110(a), an 'order' must be final, but need not be a formal order, the product of a formal decision-making process, or be issued personally

[6] As Defendants point out, it appears that Plaintiff challenges only the PreCheck suspension in this action. (*See* Doc. 20 at 11–12). Nowhere in the allegations supporting either count does Plaintiff mention the civil penalty. (*See* Doc. 11, ¶¶ 34–61).

by the Administrator.”).[7] Because Plaintiff challenges an ‘order’ contemplated by section 1486, and because the courts of appeals have exclusive jurisdiction over such orders, this Court lacks subject-matter jurisdiction over this action.

As a final matter, Plaintiff argues in the alternative that the appropriate remedy is transfer, rather than dismissal, pursuant to 28 U.S.C. § 1631. (Doc. 21 at 11). Section 1631 requires, “if it is in the interest of justice, transfer of [an] action[, including a petition for review of administrative action,] to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed.” 28 U.S.C. § 1631. Plaintiff does not indicate whether he would like to proceed in the D.C. Circuit or the Eleventh Circuit. *See* 49 U.S.C. § 46110(a) (providing that a petitioner may proceed in the D.C. Circuit or in the circuit in which the petitioner resides). Therefore, on or before **September 21, 2026**, Plaintiff may file a motion seeking transfer of this action to a court of proper jurisdiction, in which he must advise this Court whether he seeks transfer to the D.C. Circuit or Eleventh Circuit. *See Deering*, 2011 WL 13302358, at *4 (directing the plaintiff to file a motion to transfer under section

---

[7] Courts note that the order must “be predicated on an administrative record sufficient to allow a court to engage in meaningful review.” *Burdue v. FAA*, 774 F.3d 1076, 1080 (6th Cir. 2014) (quotation omitted). Plaintiff’s letters to TSA and TSA’s Notice of Violation and e-mail satisfy this requirement. *See Green*, 981 F.2d at 519 (stating that the parties’ various letters provided an adequate administrative record, and noting that other circuits have concluded the same with as little as a single letter); *Atorie Air, Inc. v. Fed. Aviation Admin. of U.S. Dep’t of Transp.*, 942 F.2d 954, 960 (5th Cir. 1991) (explaining that the petitioner’s surrender of FAA certificates was adequate to support review, and noting that courts have held the same “when th[e] record consisted of no more than a letter”).

46110(a) after he did not indicate in which court of appeals he sought to challenge the subject order). Failure to timely do so will result in dismissal of this action without further notice.

In light of the foregoing, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 20) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. On or before **September 21, 2026**, Plaintiff may file a motion seeking transfer of this case to a court of proper jurisdiction, in which he must advise this Court whether he seeks transfer to the D.C. Circuit or Eleventh Circuit. Failure to timely do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Jacksonville, Florida on September 4, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
*Pro Se* Party